# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: TOYOTA MOTOR CORP. UNINTENDED
ACCELERATION MARKETING, SALES PRACTICES,
AND PRODUCTS LIABILITY LITIGATION**

| | | |
|---|---|---|
| Dennis Gloyna, et al. v. Toyota Motor Manufacturing | ) | |
| North America, Inc., et al., E.D. Kentucky, | ) | MDL No. 2151 |
| C.A. No. 2:11-11 | ) | |

## ORDER DENYING TRANSFER

    **Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407(c), plaintiffs in this Eastern District of Kentucky action move to transfer the action to MDL No. 2151. Responding defendants (Toyota) oppose the motion.

    The motion comes to the Panel in a somewhat unusual context. Toyota initially identified the action as a potential tag-along action to MDL No. 2151. After the Panel issued its conditional transfer order, Toyota decided to withdraw its notice on the grounds that the Toyota Avalon involved did not utilize an electronic throttle control system (ETCS) and was not subject to any recall at issue in the MDL. The Panel then vacated its conditional transfer order and declined plaintiffs' later request for reinstatement of it. Plaintiffs' motion to transfer the action to the MDL followed as the appropriate means of bringing the matter to the Panel for resolution. Toyota opposes the motion.

    This action alleges that plaintiffs' decedent experienced sudden, unintended acceleration while operating a 2001 Toyota Avalon. Our original order in this docket recognized common questions of fact concerning an alleged defect in Toyota vehicles that causes sudden, unintended acceleration. This action, therefore, would seem to belong in the transferee court. As we have recognized, however, "[m]ultidistrict litigation is not static." *In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig.*, 659 F. Supp. 2d 1371, 1372 (J.P.M.L. 2009). At this point in the litigation, the amended pleadings and further discovery have narrowed the focus of the litigation to claims arising from allegations of a defective ETCS in certain Toyota vehicles. Indeed, the ETCS and its source code are now the central focus of liability discovery.

---

        [*]    Judge W. Royal Furgeson, Jr. took no part in the decision of this matter.

    Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

- 2 -

The Toyota Avalon at issue in the *Gloyna* action does not use an ETCS.  Therefore, this particular case is unlikely to benefit from common discovery produced in the centralized proceedings. It can be more efficiently and fairly resolved in its original jurisdiction.  Accordingly, after considering all argument of counsel and in consultation with the transferee judge in this docket, we find that this action does not share sufficient questions of fact with previously centralized actions to warrant inclusion in MDL No. 2151.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407(c), for transfer of this action is denied.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil            Frank C. Damrell, Jr.
Barbara S. Jones            Paul J. Barbadoro
Marjorie O. Rendell